1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WARD,<br>CDCR #BN-7790,<br><br>                              Plaintiff,<br><br>          vs.<br><br>CORRECTIONAL OFFICERS<br>PASCUAL, SOSA and MASSARO,<br><br>                              Defendants. | Case No.:  3:23-cv-1423-BAS-AHG<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2],**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b), and**<br><br>**(3)  DENYING MOTION TO APPOINT COUNSEL [ECF No. 3]** |

Plaintiff Joseph Ward, a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel.  (ECF Nos. 1-3.)  Plaintiff claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendants RJD Correctional Officers Pascual, Sosa and Massaro left Plaintiff's cell door open to allow another inmate to attack him and then delayed medical care in retaliation for Plaintiff filing an inmate complaint.  (*See* Compl., ECF No. 1 at 3-7.)

1

# I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("28 U.S.C. § 1915(a) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status.")

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1), (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).  Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report which

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

indicates that during the six months prior to filing suit Plaintiff had an average monthly balance of $38.69, average monthly deposits of $90.00, and an available balance of $0.00 in his account at the time he filed suit.  (ECF No. 2 at 6.)  The Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because the prison certificate indicates Plaintiff may have no means to pay it.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").  Plaintiff remains obligated to pay the entire fee in monthly installments.

## II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

 "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).   "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## B.   Allegations in the Complaint

Plaintiff alleges that on July 7, 2022, his cell door was opened for pill call, but since he did not need to attend, he stayed in bed after his cellmate left anticipating his door would close in two minutes as usual.  (Compl., ECF No. 1 at 4-5.)  After five minutes he noticed the other cell doors were closed but his was still open.  (*Id*. at 5.)  He motioned to Defendant RJD Correctional Officer Pascual to close his door, but Pascual refused.  (*Id*.)  Plaintiff states that Pascual was the central tower guard responsible for opening and closing cell doors and that the duties of Defendants RJD Correctional Officers Sosa and Massaro included assisting Pascual in opening and closing cell doors.  (*Id*. at 4.)

After his cell door had been open for about fifteen minutes inmate Kimar entered, said: "fucking rapist," and stabbed Plaintiff twice in the neck and once in the forearm.  (*Id*. at 5.)  Plaintiff left his cell holding a blood-soaked sheet against his neck and told all three Defendants he needed emergency medical services.  (*Id*. at 6.)  They told Plaintiff they had already called for medical assistance.  (*Id*.)  As Plaintiff was being treated by a nurse, he repeatedly asked Defendants to call again for medical assistance, but they refused, and ten minutes passed before they called a second time.  (*Id*.)

About one month before the attack, Plaintiff was late for lock up when: "Pascual got upset and stated loudly at me that 'they should kill all you sex offenders.'"  (*Id*. at 4.)  Plaintiff wrote to the RJD Warden complaining that Pascual's misconduct placed him in

4

fear of assault by other inmates, but he did not file an inmate grievance because he was afraid of reprisals.  (*Id*.)  Inmate Kimar later told Plaintiff: "Pascual told him I was a sex offender and he told the plaintiff this got him upset because he had been abused."  (*Id*. at 3.)

Plaintiff claims Defendants violated his Eighth Amendment rights by creating or being deliberately indifferent to the conditions under which he was stabbed and by delaying medical care, and violated his First Amendment rights because they did so in retaliation for submitting a written complaint to the Warden that Pascual had informed other inmates he was a sex offender.  (*Id*. at 3-7.)  He is also bringing claims for denial of equal protection, negligence under state law, and "any other violations this court finds."  (*Id*. at 3, 7.)

### C.   Discussion

#### 1.   Eighth Amendment claims

The Cruel and Unusual Punishments Clause of the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment, imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,'" and requires that "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety."  *Id.* (quoting *Wilson*, 501 U.S. at 297, 302–03).  The prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

The allegations in the Complaint that Defendant Pascual told inmate Kimar that Plaintiff was a sex offender, and then left Plaintiff's cell door open to allow inmate Kimar

5

to stab Plaintiff in retaliation for complaining that Pascual had placed him in danger by announcing loudly that Plaintiff was a sex offender, are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment failure to protect claim against Defendant Pascual. *Id.*; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and Complaint against Defendant Pascual. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.") Nevertheless, the Court cautions Plaintiff that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

Although Plaintiff alleges that the duties of Defendants Sosa and Massaro include assisting Pascual in opening and closing cell doors, there are no allegations that Sosa and Massaro were aware of a threat to Plaintiff, were aware that Pascual had informed other inmates that Plaintiff was a sex offender, or that they participated in leaving his cell door open on that occasion. Plaintiff therefore has not plausibly alleged a failure to protect claim against Defendants Sosa and Massaro. *Farmer*, 511 U.S. at 837; *see also Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a plaintiff must plead and prove an affirmative link between an injury and a defendant's conduct). The Court *sua sponte* dismisses the Eighth Amendment failure to protect claims in the Complaint against Defendants Sosa and Massaro pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

Plaintiff has not stated an Eighth Amendment claim against any Defendant for interference with medical care. He alleges that when he approached the Defendants bleeding and asked them to call for medical attention, they told him they had already called, and then delayed ten minutes before calling again while Plaintiff was being treated by a

6

nurse.  "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'"  *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'"  *Id*. (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).  A prison official "who actually knew of a substantial risk to inmate health or safety may be found free of liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Farmer*, 511 U.S. at 844.

Plaintiff has not plausibly alleged a denial of medical care claim because there are no allegations that additional medical aid would have arrived sooner if Defendants had called again sooner, and no allegations Plaintiff suffered any harm from their waiting ten minutes to call again while he was being treated by a nurse.  *Id.*; *see also Rizzo*, 423 U.S. at 371–72 (holding a plaintiff must plead and prove an affirmative link between an injury and a defendant's conduct).  The Court *sua sponte* dismisses the Eighth Amendment inadequate medical care claim in the Complaint against all Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim.  *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## 2. Retaliation claim

Plaintiff's allegation that Pascual allowed an inmate to attack him in retaliation for submitting a written complaint to the Warden complaining of Pascual's loud announcement that Plaintiff was a sex offender is sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to a First Amendment retaliation claim.  *See Rhodes*, 408 F.3d at 567–68 ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

goal.").

Plaintiff has not plausibly alleged a retaliation claim against Defendants Sosa and Massaro, however, because there are no allegations they were involved in Pascual's retaliatory conduct or aware Plaintiff filed a complaint. The Court *sua sponte* dismisses the First Amendment retaliation claim in the Complaint against Defendants Sosa and Massara pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 3. Equal Protection claim

The Complaint alleges Defendants violated Plaintiff's rights under the "Fourteenth Amendment Equal Protection Clause." (Compl., ECF No. 1 at 7.) Plaintiff apparently relies on and incorporates the factual allegations of his Complaint regarding his retaliation and failure to protect claims, but identifies no factual allegations directly related to an equal protection claim. *See generally id.* at 3–6. The Court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. Cal. Dep't of Corrs. and Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Plaintiff may state an equal protection claim by alleging facts from which a plausible inference can be drawn that the Defendants intentionally discriminated against him based on his membership in a protected class. *Serrano v Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Plaintiff has not alleged he is a member of a protected class. *See United States v. Whitlock*,

639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes.") (quoting *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999)).   Neither are there any allegations in the Complaint to support a "class of one" equal protection claim, which requires allegations that similarly situated prisoners were intentionally treated differently and Plaintiff was singled out for disparate treatment without a rational relationship to a legitimate purpose.   *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601–02 (2008).   Even under a liberal construction of the Complaint there are insufficient allegations to plausibly allege an equal protection violation.   The Court *sua sponte* dismisses the equal protection claim in the Complaint against all Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim.   *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 4. Negligence

Plaintiff claims Defendants violated his rights under California Civil Code § 1714 through their "willful misconduct [and] willful negligence."   (Compl., ECF No. 1 at 7.) Plaintiff is unable to state a 42 U.S.C. § 1983 claim for negligence, as neither negligence nor gross negligence is actionable under § 1983 in the prison context.   *Farmer*, 511 U.S. at 836 & n.4.   However, California imposes a common law duty on prison guards to protect prisoners from foreseeable harm, and California Government Code § 845.6 allows a claim for denial of prison medical care.   *See Cotta v. County of Kings*, 686 Fed.Appx. 467, 469 (9th Cir. 2017); *Jett v. Penner*, 439 F.3d 1019, 1099 (9th Cir. 2006) ("In order to state a claim under § 845.6, a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care.").   *See also Kuciemba v. Victory Woodworks, Inc.*, 74 F.4th 1039, 1041 (9th Cir. 2023) ("California Civil Code section 1714 articulates a general duty of care.").   Because the Court has jurisdiction over Plaintiff's Eighth Amendment failure to protect claim and will provide leave to amend for his Eighth Amendment failure to provide medical care claim, it has discretion to accept supplemental jurisdiction over state law claims for negligence.   *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of

which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). However, Plaintiff has not pleaded compliance with the California Torts Claims Act, which is a pleading requirement for tort claims against California government employees. *Gatto v. County of Sonoma*, 98 Cal.App.4th 744, 763 (2002); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988) (holding failure to comply with California Torts Claims Act bars pendent state tort claims, although dismissal without prejudice to allow plaintiff to plead compliance is appropriate). Accordingly, the Court will not at this time accept supplemental jurisdiction over Plaintiff's state law tort claims and they are dismissed without prejudice to plead compliance with the California Torts Claims Act.

### D.    Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to correct the pleading defects of the dismissed claims identified above if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### E.    Plaintiff's Options

Because the Court has determined that Plaintiff's Eighth Amendment failure to protect and First Amendment retaliation claims against Defendant Pascual survive the *sua sponte* screening process but his remaining claims against the remaining Defendants do not, Plaintiff is given the opportunity to (1) notify the Court of his intent to proceed only with the First and Eighth Amendment claims in the Complaint against Defendant Pascual; or (2) file a First Amended Complaint that attempts to correct any or all of the deficiencies of pleading identified in this Order. **Plaintiff must choose one of those options within forty-five (45) days from the date this Order is filed.** If Plaintiff notifies the Court he wishes to proceed only with his claims against Defendant Pascual, the Court will issue an

23-cv-1423-BAS-AHG

Order directing the Clerk to issue the summons as to that Defendant and direct the U.S. Marshal to effect service of the summons and Complaint on Defendant Pascual, and all remaining claims and Defendants will remain dismissed from this action.

## III.   Motion to Appoint Counsel

Plaintiff seeks appointment of counsel on the basis that he has made unsuccessful efforts to obtain counsel, is unable to afford counsel, and his learning disability and mental health issues coupled with his status as a prisoner limit his ability to litigate this case. (ECF No. 3 at 3.)  There is no constitutional right to counsel in a civil case, and appointment of counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits of the claims and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Because Plaintiff is capable of legibly articulating the facts and circumstances relevant to his claims, which are not exceptionally legally complex, and has yet to show he is likely to succeed on the merits of his claims, the motion for appointment of counsel is **DENIED** without prejudice to its renewal at a later stage of these proceedings.

## IV.   Conclusion and Orders

Good cause appearing, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding

month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

     3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

     4.     **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice (ECF No. 3).

     5.     **DISMISSES** all claims in Plaintiff's Complaint against all Defendants without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with the exception of the Eighth Amendment failure to protect claim and the First Amendment retaliation claim against Defendant Pascual.

     6.     **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either (1) notify the Court of his intention to proceed with his First and Eighth Amendment claims against Defendant Pascual only; or (2) file a First Amended Complaint that cures the deficiencies of pleading noted in this Order.  Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his Complaint.  Any Defendants not re-named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

     **IT IS SO ORDERED**.

Dated: **October 25, 2023**

Hon. Cynthia Bashant
United States District Judge