UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WARD, CDCR #BN-7790, <br><br>   Plaintiff, <br><br> vs. <br><br> CORRECTIONAL OFFICERS PASCUAL, SOSA and MASSARO, <br><br>   Defendants. | Case No.: 3:23-cv-1423-BAS-AHG <br><br> **ORDER:** <br><br> **(1) SCREENING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b);** <br><br> **(2)  DISMISSING DEFENDANTS SOSA AND MASSARO; and** <br><br> **(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT AND SUMMONS AS TO DEFENDANT PASCUAL PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On July 31, 2023, Plaintiff Joseph Ward, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. (ECF Nos. 1–3.) Plaintiff claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendants RJD Correctional Officers Pascual, Sosa and Massaro left his cell

door open to allow another inmate to attack him and then delayed medical care in retaliation for Plaintiff filing an inmate complaint. (*See* Compl., ECF No. 1 at 3–7.)

On October 25, 2023, the Court granted Plaintiff leave to proceed IFP, denied his motion to appoint counsel, and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 4.) The Court determined that the allegations in the Complaint were sufficient to survive screening only with respect to a First Amendment retaliation claim and an Eighth Amendment failure to protect claim against Defendant Pascual, and that Plaintiff was entitled to have the U.S. Marshal effect service of the summons and Complaint as to that Defendant. (*Id*. at 5–8.) The Court found the Complaint did not survive screening with respect to any other claims or Defendants and provided Plaintiff a choice of proceeding with his Complaint against Defendant Pascual only or filing an amended complaint on or before December 8, 2023. (*Id*. at 6–11.) On November 15, 2023, Petitioner filed a request for an extension of time to amend and filed a First Amended Complaint on November 17, 2023. (ECF Nos. 6, 8.) On November 20, 2023, the Court granted Plaintiff's motion for an extension of time to amend to January 4, 2024. (ECF No. 7.) Plaintiff has now filed a Second Amended Complaint ("SAC"). (ECF No. 9.)

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

    **A.    Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Allegations in the SAC**

Plaintiff alleges that in June 2022, Defendant RJD Correctional Officer Pascual became enraged when he assumed Plaintiff deliberately delayed following an order to return to his housing unit. (SAC at 3.) Defendant Pascual then "labeled Plaintiff a sex offender to the inmate population" of his housing unit and told Plaintiff "you sex offenders should be killed or words to that effect." (*Id*.) Plaintiff told Pascual not to speak to him in that manner and that he would inform the Warden and file a 602 inmate grievance against Pascual. (*Id*. at 4.) Pascual continued referring to Plaintiff as a sex offender to other inmates. (*Id*.) Plaintiff requested to change his housing unit and complained in a letter to the Warden and in an inmate grievance that Pascual's behavior placed him at risk of being attacked by other inmates in his housing unit. (SAC at 4–5.) Plaintiff claims Pascual knew he was placing him at risk of assault because his housing unit mixed general population inmates with sensitive needs inmates who are prone to violent and assaultive behavior from general population inmates. (*Id*. at 5.)

On July 7, 2022, Plaintiff was attacked and seriously injured by another inmate. (*Id*.

at 6.) The assault resulted from a violation of clearly established California Department of Corrections and Rehabilitation ("CDCR") policies by Pascual and Defendants RJD Correctional Officers Sosa and Massaro regarding opening and closing cell doors. (*Id.*) "Plaintiff alerted Defendants Pascual, Sosa and Massaro that his cell door was not secured before the attack took place. All three Defendants deliberately failed to secure Plaintiff's cell door after Plaintiff requested to have his assigned housing unit cell door secured." (SAC at 7.) "After the attack, Defendant Pascual observed Plaintiff's injuries and failed to activate his emergency personal alarm, which he is required to do." (*Id.*) Defendant Sosa also observed Plaintiff's injuries but "failed to issue an emergency 911 call, which he is required to do." (*Id.*) Defendant Massaro "knew the Plaintiff's injuries were the result of a knife attack, and deliberately failed to activate his personal alarm and call a 911 emergency medical code, which he is required to do." (*Id.*) Plaintiff "actively bled for more than 10 minutes before an emergency 911 call was sent to the TTA Emergency Treatment Team." (SAC at 7.) Plaintiff's inmate grievance was granted with a finding that CDCR policies were violated. (*Id.* at 8.) His injuries were treated at an off-site medical facility, and he was rehoused in Administrative Segregation upon return to RJD due to safety concerns. (*Id.*)

Plaintiff claims Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from assault, by creating the conditions which resulted in his attack in deliberate indifference to his safety, and by delaying medical care. (*Id.* at 9–14.) He claims Defendants violated his Fourteenth Amendment equal protection rights by subjecting him to invidious discriminatory treatment without a legitimate penological purpose, and violated his First Amendment rights because they did so in retaliation for complaining that Pascual labeled him a sex offender. (SAC at 15–22.) He also presents state law claims for negligence and under California Civil Code § 1714 for dereliction of duty. (*Id.* at 24.) He seeks declaratory and injunctive relief as well as monetary damages. (*Id.* at 25.)

## C.     Discussion

### 1. Eighth Amendment claims

The Cruel and Unusual Punishments Clause of the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment, imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,'" and requires that "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297, 302–03). The prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The allegations in the SAC are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment failure to protect claim against Defendant Pascual. Plaintiff alleges Defendant Pascual told Plaintiff that sex offenders should die, told other inmates Plaintiff was a sex offender, and left Plaintiff's cell door open, and no other cell door open, despite Plaintiff asking for it to be closed, which allowed an inmate to stab Plaintiff. Defendant alleges these activities all occurred in retaliation for complaining that Pascual had placed him in danger by announcing Plaintiff was a sex offender. These allegations are sufficient to pass the screening threshold. *Farmer*, 511 U.S. at 834; *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and SAC against Defendant Pascual. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal

or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.") Plaintiff is reminded that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

The Court found in its prior screening order that the original Complaint failed to include allegations that Sosa and Massaro were aware of a threat to Plaintiff, were aware that Pascual had informed other inmates that Plaintiff was a sex offender, or that they participated in leaving his cell door open on that occasion. (*See* ECF No. 4 at 6–7.) The SAC has not cured that defect of pleading an Eighth Amendment failure to protect claim against Sosa and Massaro. Rather, Plaintiff once again alleges in conclusory terms that these two Defendants violated CDCR policy regarding opening and closing cell doors, that they "deliberately failed to secure" his cell door, that Plaintiff alerted them that his cell door was not closed, and that they were "deliberately indifferent to Plaintiff's health and safety [and] to a known risk of harm." (SAC at 6–11.)

The Court informed Plaintiff in its prior screening order that he was required to present factual allegations plausibly alleging Sosa and Massaro knew of and disregarded a risk to his safety. (ECF No. 4 at 6.) Plaintiff once again alleges in the SAC in a conclusory manner that the Defendants were "deliberately indifferent to . . . a known risk of harm." (SAC at 9.) However, as Plaintiff was previously informed, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004); *see also Iqbal*, 556 U.S. at 678 (There must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," to plausibly state a claim, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.) Because the SAC once again fails to plausibly allege Defendants Sosa and Massaro were aware that leaving Plaintiff's cell door open subjected him to a risk of assault, the Eighth Amendment failure to protect claim against Sosa and Massaro in the SAC is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) &

1915A(b)(1) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

Plaintiff has also once again failed to plausibly allege an Eighth Amendment claim against any Defendant for interference with medical care. "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id*. (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). A prison official "who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

The original Complaint alleged Plaintiff approached the Defendants bleeding and asked them to call for medical attention. Plaintiff alleges they told him they had already called but then waited ten minutes before calling again while Plaintiff was being treated by a nurse. (Compl. at 6.) The Court found those allegations failed to plausibly allege a denial of medical care claim because there were no allegations that additional medical aid would have arrived sooner if Defendants had called again sooner and no allegations Plaintiff suffered any harm from their waiting ten minutes to call again while he was being treated by a nurse. (ECF No. 4 at 6–7.) Plaintiff now alleges in the SAC that: "After the attack, Defendant Pascual observed Plaintiff's injuries and failed to activate his emergency personal alarm, which he is required to do," that Defendant Sosa also observed Plaintiff's injuries but "failed to issue an emergency 911 call, which he is required to do," and that Defendant Massaro "knew the Plaintiff's injuries were [the] result of a knife attack, and deliberately failed to activate his personal alarm and call a 911 emergency medical code, which he is required to do." (SAC at 7.) Plaintiff "actively bled for more than 10 minutes before an emergency 911 call was sent to the TTA Emergency Treatment Team." (*Id*.)

There are obvious contradictions between Plaintiff's previous allegation in the original Complaint that Defendants immediately called for medical care and his new allegations in the SAC that he "actively bled for more than 10 minutes before an emergency 911 call was sent to the TTA Emergency Treatment Team." *See e.g. Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (noting "[a] party cannot amend pleadings to directly contradic[t] an earlier assertion made in the same proceeding"). Furthermore, Plaintiff once again merely alleges a breach of Defendant's duty to activate their personal alarms. Plaintiff does not plausibly allege medical care was delayed by that failure or that the ten-minute delay in placing an emergency 911 call to the TTA Emergency Treatment Team caused a delay in medical treatment. There are once again no factual allegations medical care was delayed by any action or inaction of any Defendant. *Rizzo*, 423 U.S. at 371–72 (holding a plaintiff must plead and prove an affirmative link between an injury and a defendant's conduct).

The Court *sua sponte* dismisses the Eighth Amendment medical care claim in the SAC against all Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 2. Retaliation claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68. Plaintiff's allegation in the SAC that Defendant Pascual allowed an inmate to attack him in retaliation for Plaintiff writing to the Warden and filing an inmate grievance is sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to a First Amendment retaliation claim. *Id*. (noting inmate complaints are protected conduct). Plaintiff is entitled to have the U.S. Marshal effect service of the summons and SAC against Defendant Pascual. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)

However, Plaintiff has once again failed to plausibly allege a retaliation claim against Defendants Sosa and Massaro for the same reasons the Court found the allegations in the original Complaint failed to state a retaliation claim against them. As discussed above, there are once again no allegations in the SAC that Defendants Sosa or Massaro were involved in or knew of Pascual's conduct, and there are no allegations they were aware Plaintiff filed a grievance or wrote to the Warden complaining of Pascual's actions. Thus, there are no allegations they took an adverse action against Plaintiff because of his protected conduct. *Rhodes*, 408 F.3d at 567–68.

The Court *sua sponte* dismisses the First Amendment retaliation claim in the SAC against Defendants Sosa and Massara pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 3. Equal Protection claim

Plaintiff alleges all three Defendants treated him "invidiously dissimilar to similarly situated inmates" as there was no legitimate reason for them to leave his cell door open while closing all the other cell doors. (SAC at 15–19.) Plaintiff claims Defendant Pascual treated him differently than other inmates by labeling him a sex offender and leaving his cell door open without a rational basis for doing so. (*Id*. at 17.)

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. Cal. Dep't of Corrs. and Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Plaintiff may state an equal protection claim by alleging facts from which a plausible inference can be drawn that the Defendants intentionally discriminated against him based on his membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). The Court informed Plaintiff in its prior screening Order that he failed to allege he is a member of a protected class. (ECF No. 4 at 8–9.) The Court further noted there were no allegations in the Complaint to support a "class of one" equal protection claim, which requires allegations that similarly situated prisoners were intentionally treated differently

and Plaintiff was singled out for disparate treatment without a rational relationship to a legitimate purpose. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601–02 (2008).

The allegations in the SAC that Defendant Pascual intentionally allowed another inmate to attack Plaintiff because Pascual perceived Plaintiff to be a sex offender who should be killed are sufficient to plausibly allege Pascual singled Plaintiff out for disparate treatment without a rational relationship to a legitimate penological purpose in violation of his equal protection rights. However, because Plaintiff once again fails to present factual allegations that Defendants Sosa and Massaro were involved in Pascual's alleged actions or present facts plausibly alleging they knew there was no penological justification for leaving his cell door open, the SAC fails to plausibly allege an equal protection claim against them. The Court *sua sponte* dismisses the equal protection claim in the SAC against Defendants Sosa and Massaro pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 4. State law claims

The Court has discretion to accept supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. §1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.") However, Plaintiff was instructed in the Court's prior Order dismissing the state law claims from his original Complaint that had failed to plead compliance with the California Torts Claims Act, which is a pleading requirement for tort claims against California government employees. *Gatto v. Cnty. of Sonoma*, 98 Cal. App. 4th 744, 763 (2002); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988)

(holding failure to comply with California Torts Claims Act bars pendent state tort claims, although dismissal without prejudice to allow plaintiff to plead compliance is appropriate). The Court at that time dismissed the state law claims without prejudice to Plaintiff to plead compliance with the California Tort Claims Act. (ECF No. 4 at 10.) Plaintiff has not cured that pleading defect of the original Complaint in the SAC. Accordingly, the Court will not at this time accept supplemental jurisdiction over Plaintiff's state law claims.

## IV. Conclusion and Orders

Good cause appearing, the Court:

1. **DISMISSES** all claims in Plaintiff's Second Amended Complaint against all Defendants without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with the exception of the Eighth Amendment failure to protect claim, the First Amendment retaliation claim, and the Fourteenth Amendment Equal Protection claim against Defendant Pascual.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 9) for Defendant Pascual and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the Second Amended Complaint and summons for use in serving Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Second Amended Complaint and summons upon Defendant Pascual as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant, once served, to reply to Plaintiff's Second Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is

named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening Defendants are required to respond).

5. **ORDERS** Plaintiff, after service, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or their counsel, and the date of service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

DATED: March 25, 2024

Hon. Cynthia Bashant
United States District Judge