UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WARD, CDCR #BN-7790,<br><br>         Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICERS PASCUAL, SOSA and MASSARO,<br><br>         Defendants. | Case No.: 3:23-cv-1423-BAS-AHG<br><br>**ORDER DENYING MOTION TO AMEND AND EXTENDING TIME TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT AND SUMMONS AS TO DEFENDANT PASCUAL** |

On July 31, 2023, Plaintiff Joseph Ward, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. (ECF Nos. 1–3.) Plaintiff claimed that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendants RJD Correctional Officers Pascual, Sosa and Massaro left his cell door open to allow another inmate to attack him and then delayed medical care in retaliation for Plaintiff filing an inmate complaint. (*See* Compl., ECF No. 1 at 3–7.)

On October 25, 2023, the Court granted Plaintiff leave to proceed IFP, denied his motion to appoint counsel, and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 4.) The Court determined that the allegations in the Complaint

were sufficient to survive screening with respect to a First Amendment retaliation claim and an Eighth Amendment failure to protect claim against Defendant Pascual, and that Plaintiff was entitled to have the U.S. Marshal effect service of the summons and Complaint as to that Defendant. (*Id*. at 5–8.) The Court found the Complaint did not survive screening with respect to the claims against Defendants Sosa and Massaro. (*Id*. at 6–9.) The Court provided Plaintiff a choice of proceeding with his Complaint against Defendant Pascual only or filing an amended complaint in an attempt to cure the pleading defects identified in that Order on or before December 8, 2023. (*Id*. at 10–11.) Following an extension of time, Plaintiff filed a First Amended Complaint on November 17, 2023. (ECF No. 8.) Before the Court screened that version of the complaint, Plaintiff filed a Second Amended Complaint ("SAC") on January 8, 2024, once again naming Pascual, Sosa and Massaro as Defendants. (ECF No. 9.)

On March 25, 2024, the Court screened the SAC and once again found Plaintiff had stated a claim only as to Defendant Pascual. (ECF No. 10.) Because it was clear at that time that Plaintiff could not state a claim against Sosa and Massaro, rather than provide Plaintiff with a futile effort to amend, the Court dismissed all claims against Sosa and Massaro. The Court further dismissed Plaintiff's denial of medical care and equal protection claims against all Defendants and ordered the United States Marshal to serve a copy of the Second Amended Complaint and summons upon Defendant Pascual as directed by Plaintiff on the USM Form 285. (*Id*.) Because the Court tolls the time for service while it conducts its initial screening, Rule 4(m)'s service clock commences in an IFP case once a summons issues and the U.S. Marshal is directed to effect service pursuant to Fed. R. Civ. P. 4(c)(3). *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014). Thus, Plaintiff has 90 days from the Court's March 25, 2024, service order to timely effect service, on or before June 23, 2024.

On April 4, 2024, Plaintiff filed a notice of appeal of the Court's March 25, 2024, Order. (ECF No. 12.) On April 26, 2024, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction as seeking to appeal a non-appealable order. (ECF No.

15.)  Plaintiff filed a Third Amended Complaint ("TAC") on May 10, 2024, which again names Pascual, Sosa and Massaro as Defendants and again fails to state a claim against them or a denial of medical care or equal protection claim against any Defendant for the same reasons set forth in the Court's two prior dismissal orders.  (ECF No. 16.)

After a brief period in which a party may amend as of right, a party may amend its pleadings only with the court's permission, although the "court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a).  The court may deny a motion to amend if the proposed amendment is futile for lack of merit.  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) ("[F]utility of amendment alone can justify the denial of a motion [to amend].")

Here, it is clear that Plaintiff's TAC is a futile attempt to amend because it contains the same deficiencies of pleading as all other versions of the complaint.  As with the other versions of the complaint, the TAC again alleges that Plaintiff's cell door could not have been opened but for the actions of Defendants Sosa and Massaro but once again fails to allege they were aware of a specific threat to Plaintiff or aware of Pascual's alleged retaliatory motive.  Plaintiff therefore has not plausibly alleged a failure to protect claim against Sosa and Massaro.  (*See* TAC, ECF No. 16 at 6-9, 12-15.)  The TAC also once again fails to allege medical care was delayed or denied as a result of any action or inaction by any Defendant (*id*. at 9-12, 16-19), or that Plaintiff was denied equal protection (*id*. at 20-23), for the same reasons as the prior versions of the complaint.

Accordingly, the Court construes Plaintiff's filing of the TAC as a motion to amend and denies the motion to amend as futile.  The Court *sua sponte* extends the time in which to serve the SAC on Defendant Pascual because the 90-day period within which service must be executed has nearly expired.  The Court extends the time for service in this case for and additional thirty (30) days, until July 23, 2024, pursuant to Rule 4(m).  *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service).

1  Good cause appearing, the Court **DENIES** Plaintiff's motion to amend to file the
2  TAC and *sua sponte* **EXTENDS** the time for service of the SAC until **July 23, 2024**.

3  The Court **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second
4  Amended Complaint (ECF No. 9) for Defendant Pascual and forward it to Plaintiff along
5  with a blank U.S. Marshal Form 285.  The Clerk will provide Plaintiff with certified copies
6  of the Second Amended Complaint and summons for use in serving Defendant.  Upon
7  receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285
8  as completely and accurately as possible, *include an address where Defendant may be*
9  *found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to
10 the United States Marshal according to the instructions the Clerk provides in the letter
11 accompanying the In Forma Pauperis Package.

12 The Court **ORDERS** the U.S. Marshal to serve a copy of the Second Amended
13 Complaint and summons upon Defendant Pascual as directed by Plaintiff on the USM
14 Form 285.  Costs of service will be advanced by the United States.  *See* 28 U.S.C.
15 § 1915(d); Fed. R. Civ. P. 4(c)(3).

16 **IT IS SO ORDERED**.

18 **DATED: June 10, 2024**

Hon. Cynthia Bashant
United States District Judge